CASE 43.—ACTION BY W. S. MOBERLY AGAINST THE RICH-
        MOND TELEPHONE CO. TO COMPEL IT TO COM-
        PLY WITH A CITY ORDINANCE REGULATING
        TOLL.—June 28.

## Moberly v. Richmond Telephone Co.

Appeal from Madison Circuit Court.

J. M. BENTON, Circuit Judge.

Judgment for defendant, plaintiff appeals.—Affirmed.

1. Municipal Corporations—Franchises—Authority to Grant—
   Sale.—Under Const. Sec. 164, providing that a city may sell
   franchises at public sale to the highest and best bidder for
   a term not exceeding 20 years, a city has no power to grant
   a franchise without offering the same at public sale.
2. Same—Conditions.—A city may annex any lawful condition to
   the exercise of a franchise granted to a public service cor-
   poration, which condition becomes a part of the contract
   under which it is thenceforth used.
3. Same—Telephones—Regulation of Rates.—Where a city grant-
   ed a franchise for the operation of a telephone line, it was
   competent to provide as a condition that the rates for serv-
   vol. 126—24.

ice to citizens should not exceed a schedule fixed in the ordinance, or any future ordinance properly adopted.

4. Telephones—Franchise—Limitation of Charges—Construction. —Where an ordinance granting a telephone company a franchise to operate within a city prescribed tnat the company should not charge toll in excess of a schedule contained in the ordinance, such schedule was limited to service within the. city, and did not preclude. the corporation from charging an extra rate for connections outside the city limits.

W. S. MOBERLY for appellant.

1. We contend that appellee had no right under its franchise granted by the city of Richmond to raise the rates on telephones in residences beyond the rate of $1.50 per month and in all other places beyond $2.00 per month, which are the maximum rates allowed under its franchise granted in 1895, under which it was constructed and is operated.

2. It is a settled rule for the interpretation of charters to corporations, that the grant is to be strictly construed in favor of the public and against the grantees.

AUTHORITIES CITED.

C. Y. C., vol. 9, p. 577; Murray v. Carothers, 1 Met., 71; Montgomery v. Firemen's Insurance Company., 16 B. Mon., 427; Hunter v. Miller, 6 B. Mon., 612; Shultz v. Johnson, 5 B. Mon., 497; Hildrith v. Forrest, 4 J. J. Marshall, 217; Triplett v. Gill, 7 J. J. Marshall, 432; Kelley v. Bradford, 3 Bibb., 317; Campbellville Telephone Co. v. Lebanon L. & L. Tel. Co., vol. 80, Ky. Decisions, p. 116; Smith v. Theobald, 86 Ky., 141; Collins v. Alvery, 10 Ky. Law Rep., 985; Barabas Hospital Co. v. Minneapolis Nat. El. Co.; Franklin Telegraph Co. v. Harrison, 145 U. S., 459; C. Y. C., vol. 19, p. 1459; C. Y. C., vol. 10, p. 195; Betram v. Central Turnpike Co., 25 Cal., 283; Hartford Bridge Co. v. Union Ferry Co., 29 Conn., 210; Shorts v. Smith, 9 Ga., 517; Mills v. County St. Clair, 7 Ill., 197;.

J. A. SULLIVAN for appellee.

POINTS AND AUTHORITIES.

1. Contract terminable: Irish v. Dean, 39 Wis., 562; Coffin v. Landis, 5 Pa., 176; Davis v. Barr, 12 N. Y., 111; McLeas v. Hale,

Moberly v. Richmond Telephone Co.

10 Wendling, 426; Eckels v. New Orleans, 52 Miss., 610; Butler v. Smith, 35 Miss., 457; Chattanooga R. R. Co. v. C., N. O. & T. P. R. R. Co., 44 Fed., 456; Smith v. Cedar Falls R. R. Co., 30 Iowa, 244.

2. The contract as alleged is within the statute of frauds: Smith v. Theobald, 86 Ky., 141; Dickey v. Dickinson, 105 Ky., 748; Stowers v. Hollis, 83 Ky., 548.

3. The franchise granted by the city of Richmond, according to its clear provisions and meaning, undertook to regulate the charge for telephone service only within the corporate limits of the city of Richmond, and the appellee had a legal right under its charter to charge more than that rate for service within and without the city, provided such increase was reasonable: Peobles B. Co. v. Memphis R. Co., 10 Wall, 51; 1 Bouvier, 840; A. & Enc. Law., vol. 17, p. 244; Oregon Railway & Navigation Co. v. The Oregonian Railway Co., 130 U. S., 1; Dillon on Corporations, sec. 420; A. & Enc. Law, vol. 26, pp. 46-600; St. Louis v. Bell. 2 L. R. A., 278; subsec. 25 of sec. 3490, Ky. Stats.

4. The board of Council of Richmond, Ky., had no authority under its charter to regulate charges for telephone service beyond the city limits of Richmond, Ky.: Subsec. 25 of sec. 3490.

Opinion of the Court by Chief Justice O'Rear— Affirming.

Appellee, as assignee of Powell, is the owner of a franchise to maintain and operate a telephone exchange and telephone system in the city of Richmond. The franchise was granted by the city for a term of 20 years, to occupy its streets, alleys, etc. In the ordinance granting it, it was provided that the grantee should not charge exceeding the schedule of rates fixed in the ordinance for service to the citizens of Richmond. Appellant, a citizen of Richmond, became a subscriber to the system. Later on appellee extended its system into the county beyond the city limits, but connecting with the city exchange. It proposed to charge a higher rate to its subscribers for the privilege of talking to all its subscribers, including those in the county outside the city and those

inside. Appellant refused to pay the advanced rates, and appellee declined to give him the full service. This suit was brought by appellant to compel appellee to give him the full service by connecting his telephone at his call, or at the call of any of its subscribers, whether they called from boxes in the city, or in the county outside the city. The circuit court sustained a demurrer to the petition, and dismissed it.

Under the present Constitution a city may sell such franchises at public sale to the highest and best bidder for a term of not exceeding 20 years, though they are not exclusive. Without such sale cities may not grant such franchises. Section 164, Const. The city may annex any lawful condition to the exercise of the franchise, which becomes a part of the contract under which it is thenceforth used. And we think it was competent for the city to provide, as a condition of the franchise, that the rates to citizens should not exceed the schedule fixed in the ordinance, or any future ordinance. The real question here is the construction of the franchise granted in this instance. It purported to grant, and could only grant, a franchise operative within the city, The schedule of rates, being silent as to service or tolls beyond the city limits, must be construed with reference to the service to be rendered, or tolls to be charged, within the territory coterminous with the franchise granted. Even though it be conceded that the city could have lawfully imposed the condition to its grant that city subscribers should be charged not exceeding a schedule fixed by the city ordinance for service both in and out of the city, that was not done in this instance. The appellee did not, therefore, violate the ordinance conditioning its franchise when it proposed to charge a higher rate for its county service.

In this view of the matter, we conclude that the judgment was not erroneous, and it is therefore affirmed.